**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name   RUE   HAROLD   DEXTER
      (Last)        (First)        (Initial)

Prisoner Number _____ C-16846

Institutional Address P.O. BOX 686 CTFC-ED-125L

_FILED_

_APR 1 8 2008_

_RICHARD W. WIEKING_
_CLERK, U.S. DISTRICT COURT_
_NORTHERN DISTRICT OF CALIFORNIA_

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

HAROLD DEXTER RUE
_____
(Enter the full name of plaintiff in this action.)

vs.

BEN CURRY, WARDEN SOLEDAD
CORRECTIONAL FACILITY
_____
_____
_____
_____
(Enter the full name of respondent(s) or jailor in this action)

CV) 08 2047

Case No. _____
(To be provided by the clerk of court)

**PETITION FOR A WRIT**
**OF HABEAS CORPUS**

RMW

E-filing   (PR)

## Read Comments Carefully Before Filling In

**When and Where to File**

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

3. Did you have any of the following?

    Arraignment:              Yes __x__    No ____

    Preliminary Hearing:     Yes __X__    No ____

    Motion to Suppress:     Yes ____    No ____

4. How did you plead?

    Guilty ____    Not Guilty __X__    Nolo Contendere ____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone____    Judge alone on a transcript ____

6. Did you testify at your trial?     Yes __x__    No ____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment         Yes __X__    No ____

    (b)    Preliminary hearing    Yes __X__    No ____

    (c)    Time of plea         Yes ____    No ____

    (d)    Trial              Yes __X__    No ____

    (e)    Sentencing         Yes __X__    No ____

    (f)    Appeal           Yes __X__    No ____

    (g)    Other post-conviction proceeding  Yes ____    No ____

8. Did you appeal your conviction?    Yes __X__    No ____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal      Yes __X__    No ____

        Year: __1980__    Result: __DENIED__

        Supreme Court of California    Yes __X__    No ____

        Year: _2002_    Result: __procedural default__

        Any other court        Yes __x__    No ____

        Year: _2002_    Result: __DENIED AEDPA TIME BAR__

    (b)    If you appealed, were the grounds the same as those that you are raising in this

                NO

1    petition?                                                    Yes _____   No __X__

2    (c)   Was there an opinion?                                  Yes __X__   No_____

3    (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                                                 Yes _____   No__X__

5    If you did, give the name of the court and the result:

6    _____

7    _____

8    9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?              Yes __X__   No_____

10    [Note:  If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition.  You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15    U.S.C. §§ 2244(b).]

16    (a)   If you sought relief in any proceeding other than an appeal, answer the following

17    questions for each proceeding.  Attach extra paper if you need more space.

18    I.   Name of Court: ___NORWALK SUPERIOR COURT_____
                          §1181(9) MOTION TO VACATE JUDGMENT

19    Type of Proceeding: _____

20    Grounds raised (Be brief but specific):

21    a.__INADEQUATE RECORD FOR APPEAL_____
        JURY TRIAL TRANSCRIPTS

22    b._____

23    c.____MISPLACING §1181(9) MOTION IN COURT_____
        ARCHIVES CAUSING UNTIMED APPEAL

24    d._____

25    Result: ___DENIED_____   Date of Result:10-26-06

26    II.  Name of Court: ___SECOND APPELLATE APPEAL COURT___

27    Type of Proceeding: ___REVIEW_____

28    Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

a. CLERK ERROR AND JUDICIAL ERROR

b. MISPLACING TRANSCRIPTS

c. INADEQUATE STORAGE FACILITY AT COURTHOUSE

d. _____

Result: SUMMARY DENIED          Date of Result: 12-4-07

III.  Name of Court: CALIFORNIA SUPREME COURT

Type of Proceeding: REVIEW

Grounds raised (Be brief but specific):

a. JURY TRIAL TRANSCRIPTS

b. MISPLACING §1181(9) MOTION IN ARCHIVES,

c. CAUSING UNTIMED.

d. _____

Result: DENIED EN BANC          Date of Result: 2-20-08

IV.  Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____ Date of Result: _____

(b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No_ X _

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One: SUPERIOR COURT VIOLATED PETITIONERS CONST. 14th

6  AMENDMENT APPEAL RIGHTS, IMPEDING APPEAL PROCESS.

7  Supporting Facts:_____(SEE ATTACHED APPEAL AT BACKGROUND)

8

9

10

11      Claim Two:____ABUSE OF DISCRETION

12

13  Supporting Facts:_____(SEE ATTACHED APPEAL PAGE 7 ARGUMENT II

14

15

16

17      Claim Three:_____

18

19  Supporting Facts:_____

20

21

22

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

INTRODUCTION

Petitioner Harold Dexter Rue is a California State prisoner who brings this petition for habeas corpus pursuant to 28 U.S.C. §2254; Rue challenges a decision by the California Supreme Court en banc denying a §1181(9) Motion to Vacate and Set Aside Judgment or New Trial submitted timely to Norwalk Superior Court, however placed in courts archives file-stamped, received a month later ruled untimed. Petitioner contend there was error in the same superior court "Minute Order" in regard to a Notice of Appeal submitted timely inconsequential to the §1181(9) Motion, also denied violated California Rules of Court "Entry Order Judgment," both contributed to impede appeal rights and violated Const. 14th. Amend. Due Process, California Supreme Court failed to favorable rule for petitioner.

Petitioner is a state inmate serving an indeterminate life sentence with possibility of parole for a 1980 conviction in the Los Angeles County Superior Court Count I (209)(b), kidnapping for the purpose of robbery (211); Count II robbery (211), in addition of two years for a firearm allegation found true and three years for a prior prison term; high base term of five years totalling ten years concurrent.

STATEMENT OF FACTS

At 8:30 A.M. November 23, 1979, Jack Osborne was driving a truck for National Distributing Company containing $8,000.00 worth of liquor. He had made his first delivery at Cliff's Liquor Store on Rosecrane, in Norwalk, California. As he was sitting in his truck preparing to leave, a black man opened the drivers

door, displayed a hand gun and told Mr. Osborne to move to the passengers side. Mr. Osborne complied, and put his hands up, the suspect ordered him to put his hands down and, "be cool you won't get hurt."

The suspect drove the truck west on Rosecrane and after a few hundred feet got on the Santa Anna Freeway North. After one or two off ramps, he got off at Imperial Highway and headed west past Firestone Blvd., and under the 605 freeway where he made a turn in a side street to head back east on Imperial Highway so he could get back on the freeway. Suspect stopped on this ramp and told Mr. Osborne, "be cool and get out." Mr. Osborne stepped out on the shoulder and then went to a gas station and called the police.

Over the course of nearly 3 or 4 years since petitioner's denial in federal district court for AEDPA (Antiterrorism Effective Death Penalty Act) violation in 2005. Petitioner since have dilligently been trying to get in court, however unsuccessfully to show why and how he never completely got to the highest state court (California Supreme Court) to exhaust all his state court direct appeal levels contesting his 1980 kidnapping conviction. Finally, on January 26, 2006 petitioner set forth a writ of error coram nobis Motion in Norwalk Superior Court "New Evidence" of a constitutional advisement rights concerning prior conviction only criminal trial transcripts could ascertain.

The petitioner alleged during his jury trial while testifying in superior court the judge failed to give his full Boykin-Tahi constitutional advisement rights (1) to remain silent, (2) confront witnesses, (3) have a jury trial before he was cross-examined by the prosecutor. The petitioner also claim the

(8)

prosecutor did not disclose substance of evidence proffered to impeach, evidence that petitioner in preliminary hearing said he used a "piece of wood," instead of a "real gun," to commit the current kidnapping for robbery crime. The prosecutor used that alleged statement by petitioner before the jury, information that was not affirmatively given permission to use in court by the judge or even admitted to by petitioner to impeach for dishonesty. The prosecutor used that as a gateway to question petitioner before the jury about using other real guns and about his prior conviction. To have validity and oral stipulation permitting the use of the preliminary transcripts for the purpose of a superior court hearing on a Motion to Supress evidence should be entered in the courts minutes or at lease should be referenced in the transcripts of the proceeding, which in this case did not happen. People v. Cagle (1971) 21 CA.3d 57, 95 Cal. Rptr. 348. This all happen during cross-examination of petitioner on witness stand who never said he used a "piece of wood," to commit this kidnapping crime. The obvious purpose for the prosecutor's cross-examination was to put before the jury highly prejudicial evidence concerning petitioner's prior conviction. The prosecutor had in his possession records which indicated petitioner had a prior murder conviction; prosecutor had no reasonable basis to question petitioner's credibility except in hope that he would some how lie, denying on the witness stand that he had never been to prison before. That evidence of petitioner's prior conviction was submitted solely for the purpose of challenging the credibility of petitioner's testimony and not as substantive evidence of guilt. (See Evid. Code, §788; People v. Beagle 6 Cal.3d 441, 99 Cal. Rptr. 313).

BACKGROUND

While incarcerated at Soledad Correctional Facility pro se petitioner Harold D. Rue on March 21, 2007, submitted a "Notice of Appeal," specifically serving notice to Second Appellate Appeal Court, this document was mailed to Norwalk Superior Court (timely within 60 day) filing limit. This was before Second Appellate Appeal Court denied the petitioner May 18, 2007, the first of three Notice of Appeals of relevance to this 28 U.S.C. §2254 petition. The document in question on appeal in this petition is the §1181(9) Motion to Vacate and Set Aside Judgment or New Trial, the mishandling of this document caused it untimely. Although signed and mailed September 12, 2007, by petitioner to Norwalk Superior Court, received filed stamped September 19, 2007, through error of court clerk placed document in court archives for a month, denied untimed October 19, 2007, prejudice case. (See Exhibit #A Oct. 19, 2007 Court Minutes). Petitioner on July 18, 2007, also filed an In Forma Pauperis Motion for transcripts and Notice of Appeal to Norwalk Superior Court specifying indigence and intent to pursue his appeal rights since there was an inadequate record in superior court.

The current §2254 petition before the federal district court is an appeal from that §1181(9) Motion to Vacate and Set Aside Judgment or New Trial stemming from an error coram nobis which was denied in Norwalk Superior Court October 26, 2006, without prejudice. There were also others: Motion to Argument Contents of Record on Appeal submitted to superior court February 1, 2006 never heard on status since; submitted and filed Mandamus to

(10)

Second Appellate Appeal Court to compel Norwalk Superior Court to respond March 21, 2007, submitted Motion for Evidentiary Hearing June 25, 2007 and denied January 15, 2008, In Forma Pauperis Motion and Notice of Appeal are both combined together, submitted for jury trial transcripts July 18, 2007, denied October 19, 2007 and January 15, 2008. The §1181(9) Motion to Vacate and Set Aside Judgment or New Trial to Vacate and Set Aside Judgment or New Trial was submitted September 12, 2007 and filed September 19, 2007 as a last result by petition to Norwalk Superior Court's inadequate record on appeal, however denied October 19, 2007 as untimed, placed in court archives by mistake. Petitioner appealed decision to Second Appellate Appeal Court #B230796, summary denial December 4, 2007, and appealed decision to California Supreme Court #S159210 denied petition for review en banc February 20, 2008.

ARGUMENT I Superior Court Violated Petitioners Const. 14th. Amend. Appeal Rights

Petitioner from Soledad Correctional Facility pro se submitted "Notice of Appeal" July 18, 2007 and In Forma Pauperis Motion of indigency and purpose are specifically for jury trial transcripts. This was the proper procedure to request transcripts delinated in Rule 33(a)(1) of the California Rules of Court. The Notice of Appeal and In Forma Pauperis Motion was very pertinent to the §1181(9) Motion to Vacate and Set Aside Judgment or New Trial because it was the last submitted Motion petition giving parties notice of intent required by Cal. Rules of Court;

although submitted, it was never filed by court clerk, however denied October 19, 2007 by judge Dewey L. Falcone as untimed and denied a second time January 15, 2008 by Norwalk Superior Court judge Yvonne Sanchez. However, when the §1181(9) Motion to Vacate Judgment was denied untimed by the court October 19, 2007, there was not a "Notice of Appeal" submitted specifically for the §1181(9) Motion until November 3, 2007, and petitioner do not know its current status.

Therefore, according to U.S. Smith, 182 F.3d 733, if a document filed within time specified for notice of appeal gives notice required by rule governing filing contents, and serving of notice of appeal, it is effective as notice of appeal. F.R.A.P. Rules 3, 4, 28 U.S.C.A. (See Exhibit #B, In Forma Pauperis Motion for Transcripts); filed within specified time. In Britt v. North Carolina, 404 U.S 226, 227, 92 S.Ct. 431 (1971); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, and its progeny established the principle that the state must as a matter of equal protection, provide an indigent prisoner with basic tools of an adequate defense or appeal, when these tools are available for a price to other prisoners. The right to appeal is purely statutory (People v. Rawlings (1974) 42 Cal. App.3d 952, 959 [117 Cal. Rptr. 651]; and the legislature is not precluded from removing the right to pursue frivolous appeals, so long as appellate avenues [are] kept free of unreasoned distinctions that can only impede open and equal access to the courts). Rinaldi v. Yeager, 384 U.S. 305, 310 [16 L.Ed.2d 577, 581, 868 S.Ct. 1497] (1966).

If the magistrate would take judicial notice to the §1181(9) Motion to Vacate and Set Aside Judgment or New Trial entry of

Judgment of October 19, 2007, by Norwalk Superior Court judge
Dewey L. Falcone, you will see the one other motion judge Dewey
L. Falcone denied was a "Notice of Appeal" submitted July 18,
2007 The judge could not have been referring to the July 18, 2007
giving notice of appeal to the court and for transcripts as an
indigent prisoner. The judge could not have been referring to the
March 21, 2007 notice of appeal because it gave notice of filing
a writ of Mandamus to Second Appellate Appeal Court. Therefore,
the notice of appeal and In Forma Pauperis Motion was the only
motion the judge denied as untimed in conjunction with the
§1181(9) Motion to Vacate and Set Aside Judgment or New Trial,
and it was filed (40 working days) well within filing limits, if
that was the actual reason for denial because nothing in Court
Minutes stated the specific reason which of the two was the
actual reason untimed.  The In Forma Pauperis was denied a second
time January 15, 2008, by Norwalk Superior Court judge Yvonne
Sanchez stating petitioner had not stated a prima facie for
transcripts, so how many times can a judge deny a petitioner for
the same motion for the same transcript without prejudicing the
petitioner? The March 21, 2007 motion had nothing to do with the
§1181(9) Motion to Vacate and Set Aside Judgment or the In Forma
Pauperis Motion for transcripts or that would be antidating, the
In Forma Pauperis Motion entry of Judgment was first entered
October 19, 2007, and next January 15, 2008, by Norwalk Superior
Court judge Yvanne Sanchez, clearly timed. The §1181(9) Motion to
Vacate and Set Aside Judgment was not ruled upon until October
19, 2007, although placed in court archives was still timely
filed September 19, 2007 for jurisdictional purposes petitioner

also filed a timely "Notice Of Appeal," mandatory for jurisdiction F.R.A.P., Rule 4, 28 U.S.C.A.

Petitioner claim when the notice of appeal was filed, both the In Forma Pauperis Motion for transcripts on July 18, 2007 and the §1181(9) Motion to Vacate and Set Aside Judgment was in a sense of procedure very timely, the judge or clerk however with knowledge of both said motions purposely placed the §1181 Motion to Vacate and Set Aside Judgment in the superior court's archives, impeding petitioner's appeal process. That not only was an abuse of discretion by the court judge which caused both a untimeliness situation to the §1181(9) Motion to Vacate Judgment or New Trial, this also violated petitioner's Constitutional 14th Amendment Rights to appeal. It was also questionable as to Norwalk Superior Court having jurisdiction to even make a ruling on the §1181(9) Motion to Vacate and Set Aside Judgment without a filed "Notice of Appeal?" The third and final notice of appeal motion submitted by petitioner was submitted November 3, 2007, specifically for the §1181(9) Motion to Vacate and Set Aside Judgment or New Trial, was also on time within the 60 day filing limit in which petitioner still to this day do not know if or not the motion was even received or filed in superior court. In order to suffice as a notice of appeal, a paper must: (1) specify the party or parties taking the appeal; (2) designate the judgment, order, or part thereof appealed from; (3) name the court to which the appeal is taken; and (4) specifically indicate the litigant's intent to seek appellate review, U.S. v. Outen, 286 F.3d 622.

Therefore, it was prejudical error when the Norwalk Superior Court judge denied the July 18, 2007 Notice of Appeal in conjunction to the §1181(9) Motion to Vacate and Set Aside Judgment or New Trial because none of the above requirements in the July 18, 2007 notice of appeal specified it was submitted for the §1181(9) Motion to suffice as notice of appeal, but it did specify requirements that it was for petitioner's transcripts.

In discussing Rule 2 of Supreme Courts of Appeal a rule of law existing since July, 1943, prior to that date when orders were made by trial court and entered in minutes, subsequently a formal written order, signed filed by the judge it was not possible for lawyers to know when appeal time started. Rule 2 (b)(2) was adopted, and discussing the complexities and ambiguities existing under old statute (p.86). The rule proceeds upon the theory that under the statutes and practice the normal method of evidencing and authenticating an order is by entry in the minutes. Presumptively, therefore, the minute entry is the "entry of the order" for the purpose of fixing time to appeal and the parties may rely upon it unless the contrary is indicated on the face of the minute entry itself. It is immaterial that the court contemplates the filing of a formal order, and considers the oral pronouncement as preliminary and ineffective. The parties need not and cannot, speculate on such undisclosed intentions. For them the minutes entry starts the time running unless the court as part of its oral pronouncement directs that a written order be prepared and filed, and this direction is made a part of the minute entry. That this is the purpose and effect of the new rule

   
is made crystal clear by its language. It provides that the date
of entry of an order entered in the minutes 'shall' be the date
of its entry in the minutes unless the entry in the minutes
expressly directs that a written order be prepared, signed and
filed. there is no room for interpretation. The language is clear
and certain, Pessarra v. Pessarra, (1947) 80 Cal. App.2d 965, 183
P.2d 279.

Therefore, the §1181(9) Motion to Vacate and Set Aside
Judgment or New Trial under Rule 2 (b)(2) entry of judgment of
October 19, 2007 entered entry of order in the minutes commenced
the 60 day period prescribed in this rule for filing a notice of
appeal; the "Notice of Appeal" and In Forma Pauperis Motion
submitted July 18, 2007 for petitioner's transcripts was timely
as well as the November 3, 2007 Notice of Appeal for the §1181(9)
Motion to Vacate and Set Aside Judgment or New Trial was timely.
Furthermore, Jurisdiction was not legally established for the
judge to rule on the §1181(9) Motion to Vacate and Set Aside
Judgment effectively until the later Notice of Appeal was
received, filed and stamped by the court noting specific purpose,
not the earlier one. That was a prejudicial error committed by
Norwalk Superior Court judge designed to deny, impede and prevent
petitioner from pursuing his appeal rights guaranteed under
Const. 14th. Amend.

### ARGUMENT II ABUSE OF DISCRETION

Petitioner for argument purposes claim the judge did not say
specifically exactly in his "Minute Order" when the current
§1181(9) Motion to Vacate and Set Aside Judgment or New Trial was
untimed or what reason it was untimed. Could it have been

declared untimed from when petitioner mailed the motion around September 12, 2007, and the court received it September 19, 2007? Or could it be the judge was referring to the error coram nobis writ altogether in his October 19, 2007 denial, however if so, that was not the reason stated in his "Minute Order' entry of denial without prejudice because of an inadequate record on appeal, that denial reason was clearly entered in judge Dewey L. Falcone's September 26, 2006 Minute Orde. However, the judge at that time did not mention anything about the error coram nobis being untimed, he only denied it without prejudice for lack of record on appeal. (See Exhibit #C, October 26, 2006, Minute Order, Coram Nobis). The error coram nobis can only be disturbed on appeal absent of a clear abuse of discretion loged with trial court, People v. Ray (1959) 344 P.2d 347, 174 C.A.2d 233, certiorari denied, 80 S.Ct. 1062, 362 U.S. 975, 4 L.Ed.2d 1012.

The evidence show this is a case of abuse and its also loged in Norwalk Superior Court's Minute Order because the §1181(9) Motion to vacate and Set Aside Judgment or New Trial was signed by petitioner September 12, 2007, mailed by certified mail to superior court, received by court clerk filed stamped September 19, 2007 and court authorities placed it in archives until a later time of October 19, 2007 beyond the filing time causing untimeliness. The 'Notice of Appeal' was mailed November 3, 2007, specifically stating its purpose for the §1181(9) Motion to Vacate and Set Aside Judgment well within the 60 day filing limit, so which of the three Notice of Appeals was untimed and

which one makes the §1181(9) Motion to Vacate invalid or preclude relief for petitioner by statute? At this point the petition is constructively filed complying with all Rules of Court filing procedures in a timely manner, the §1181(9) Motion was no longer in petitioner's control or responsibility, so how can he be at fault? This petitioner claim that an abuse of discretion exist by the Norwalk Superior Court judge Dewey L. Falcone for allowing such arbitrary, capricious, or whimsical actions to go on in his courthouse without knowing or even knowing, participating in handling petitioner's §1181(9) Motion to Vacate Judgment, this is evidence being misused that brought on an unreasonable judgment of prejudice, bias or ill will that's ascertainable from the "Minute Order" in record. This is an abuse of discretion by judge Dewey L. Falcone that is more than an error of judgment by denying the §1181(9) Motion to Vacate Judgment untimed, the law was also overriden or misapplied, and when judge Dewey L. Falcone made his judgment it manifestly was unreasonable and the results was of partiality, prejudice, bias or ill will toward petitioner, discretion is abused.

In Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 LEd.2d 760, the court held under Rule 4(a)(1), pro se petitioner notice of appeal are filed at the moment of delivery to prison authority for forwarding to the district court. Unskilled in law, unaided by counsel, and unable to leave the prison, a pro se prisoners control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access-the prison authorities and the only information he will likely have is the date he delivered the

notice to those authorities and the date ultimately stamped upon
it. The 30 day deadline for filing notice of appeal set forth in
28 U.S.C. §2107, which applies to civil actions, including habeas
proceedings does not preclude relief for petitioner since that
statute does not define when a notice has been filed nor in any
way suggest that, in the unique circumstances of a pro se
prisoner, it would be inappropriate to conclude that such filing
occurs at the moment of delivery to prison officials, such
conclusions is not negated by the fact that Rule 3(a) and
4(a)(1), specify that the notice should be filed with the clerk
of the district court, since the relevant question is one of
timing, not destination, and neither rule set forth criteria for
determining the moment at which the filing has occurred.

The Fallen case need not or may not be the situation at hand
here in the present case with the §1181(9) Motion to Vacate and
Set Aside Judgment or New Trial being the focal point, needless
to say the notice of appeal submitted November 3, 2007 clearly
was timed reaching its destination under set rules. (See Exhibit
#E, November 3, 2007 Notice of Appeal).

The time frame from the second Notice of Appeal if counting
working days from July 18, 2007 when petitioner submitted the In
Forma Pauperis and Notice of Appeal for transcripts, to September
12, 2007, when the §1181(9) Motion to Vacate and Set Aside
Judgment was signed and mailed by certified mail to Norwalk
Superior Court is only (40 working days) and exactly (60 total
days). The time for filing a Notice of Appeal is determined by
the date of entry of the judgment. This rule followed the

provisions of former section §939 of the Code of Civil Procedure
which it superceded. Therefore, since judge Dewey L. Falcone
never specifically ruled on the In Forma Pauperis and Notice of
Appeal which are together as being untimed, both were still
pending until recently denied January 15, 2008, still pending.
The third Notice of Appeal submitted November 3, 2007, if one
would count working days from October 19, 2007 when the §1181(9)
Motion was declared untimed, count to when petitioner submitted
his Notice of Appeal November 3, 2007 for §1181(9) Motion is only
(10 working days), clearly timed and recently denied January 15,
2008 by Norwalk Superior Court judge Yvonne Sanchez, denied both
petitioner's In Forma Pauperis and Evidentiary Hearing Motion.
(See Exhibit #D, January 15, 2008 Norwalk Superior Court Minute
Order).

   Petitioner contend since the §1181(9) Motion to Vacate and Set
Aside Judgment or New Trial was filed stamped September 19, 2007,
and the Notice of Appeal filed November 3, 2007, specifically for
the §1181(9) Motion was not denied until January 15, 2008, the
March 21, 2007 Notice of Appeal is invalid. The second Notice of
Appeal submitted July 18, 2007, the In Forma Pauperis Motion for
transcripts was valid and timed up until October 19, 2007, if in
fact that's the notice of appeal denied reflected in Court Minute
Order October 19, 2007, by Norwalk Superior Court judge Dewey L.
Falcone, a timed notice of appeal substantial, not specific to
the §1181(9) Motion. However, if that notice of appeal referred
to by judge Dewey L. Falcone is untimed, the record is in error
because Norwalk Superior Court judge Yvonne Sanchez denied the

Arnold (App.2d Dist. 1994), 27 Cal. Rptr.2d 719, 22 Cal. App.4th 1284, review denied. However, petitioner was not served Notice of Entry of Judgment on the July 18, 2007, In Forma Pauperis Motion and Notice of Appeal timely filed because it set in court's archives never filed notice of entry of receipt by court was never given to petitioner required by law, the court willfully and wantonly impeded petitioner's appeal process by not giving notice of status of motion and causing untimeliness by placing both §1181(9) Motion and Notice of appeal in court's archives. It provides that the date of entry of an order entered in the "Minutes" shall be the date of its entry in the "Minute Order" expressly directs that a written order be prepared, signed and filed. There is no room for interpretation, the language is clear and certain. Pessarra v. Pessarra, (1947) 80 Cal. App.2d 965, 183 P.2d 279. So, therefore, petitioner still had up unto November 19, 2007 to serve "Notice of Appeal" on the §1181(9) Motion to Vacate and Set Aside Judgment since it was stamped filed September 19, 2007, ruled October 19, 2007, however petitioner submitted Notice of Appeal November 3, 2007. (See Exhibit #E, November 3, 2007 Notice of Appeal). There was no "Entry of Order.

In conclusion: The general rule that receipt by the court clerk constitutes filing, although appropriate for most civil appeals, should not apply in the pro se prisoner context. Nothing in either Rule 3(a) of Rule 4(a)(1) compels the conclusion that receipt by the clerk must be the moment of filing in all cases, and in fact, a number of federal courts have recognized exceptions to the general principle. The rational for the general

same In Forma Pauperis and Motion for Evidentiary Hearing January 15, 2008, a timely motion. Therefore, petitioner's time started running for the §1181(9) Motion to Vacate Judgment or New Trial when entry of order was entered in the Minute Order directs that a written order be prepared, signed and filed. Furthermore, until notice of appeal is received and filed if ever by the court, the October 19, 2007 "Entry of Judgment" is the starting date time began running (Supreme Court And Court of Appeal Rule #1(a), Filing Notice of Appeal states: "An appeal from a judgment of a superior court or from a particular part of the judgment is taken by serving and filing with the clerk of that court a notice of appeal from that judgment. The notice 'shall' be signed by the appellate or by his or her attorney and shall be sufficient if it states in substance that the appellate appeal from a specified judgment or a particular part of the judgment. A notice of appeal shall be liberally construed in favor of its sufficiency. The notice need not specify the court to which the appeal is taken and shall deemed to be an appeal to the Court of Appeal for the district. Failure to serve the notice shall not prevent its filing and shall not affect the validity of the appeal, but on reasonable notice the appellant may be required to remedy the failure.

Time for filing Notice of Appeal began to run on date appealing party was served with Notice of Appeal entry of judgment rather than later when Notice of Entry of Judgment was filed with the court clerk. Casado v. Sedwick, Detert, Moran &

rule is that the petitioner has no control over delays after the court clerk's receipt of the §1181(9) Motion to Vacate and Set Aside Judgment or New Trial. This is a rational that suggest that the moment of filing by the clerk September 19, 2007, here should be the moment when pro se prisoner necessarily loses control over his motion; the moment of delivery to prison authorities for forwarding. The bright line rule in Houston v. Lack, 108 S.Ct. 2379 (1988), recognizing receipt by prison authorities as the moment of filing will also decrease disputes and uncertainty as to when a filing actually occurred, since such authorities keep detailed logs for recording the date and time at which they received papers for mailing and can readily, by contrast would raise difficult questions whether the prison authorities, the postal service, or the court clerk is to blame for the untimeliness of petitioner's §1181(9) Motion to Vacate and Set Aside Judgment or New Trial.

RESPECTFULLY SUBMITTED,

Harold D. Rue

Date:<u>April 5, 2008</u>

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4    HOUSTON v. LACK, 108 S.Ct. 2379 (1988).

5    _____

6    _____

7  Do you have an attorney for this petition?          Yes_____    No_X___

8  If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on  APRIL 5, 2008                    Harold D. Rue

14          Date                          Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          X-XX-X (24)

EXHIBIT #A

JUDGE DEWEY L. FALCONE OCTOBER 19, 2007

COURT MINUTE ORDER DENIED §1181(9) MOTION TO VACATE

EXHIBIT #B

PETITIONER'S EX PARTE IN FORMA PAUPERIS

MOTION FOR TRANSCRIPTS AND NOTICE OF APPEAL

SUPERIOR COURT OF CALIFORNIA          DEPT: SE "W"
COUNTY OF ORANGE, CENTRAL DIVISON

DATE: OCTOBERT 19, 2007
DEWEY L. FALCONE, JUDGE                    L. PERRI,            CLERK
R. FRUTO ,    DEPUTY SHERIFF               NONE        REPORTER

A447917
PEOPLE OF THE STATE OF CALFORNIA
                                          Counsel for the Plaintiff:
          v.
01) HAROLD DEXTER RUE                     Counsel for the Defendant:

NATURE OF PROCEEDINGS:   DEFENDANT'S MOTION, TO VACATE & SET
ASIDE JUDGMETN OR NEW TRIAL PURSUANT TO PENAL CODE SECTION
1181(9).


DEFENDANT'S MOTION TO VACTE AND SET ASIDE JUDGMENT OR NEW
TRIAL UNDER PENAL CODE SECTION 1181(9), FILE STAPED 9/19/07, BUT NOT
RECEIVED UNT IL 10-19-07 AS THE FILE WAS IN ARCHIVES, IS DENIED AS
NOT TIMELY. NOTE: MOTION WAS SIGNED BY DEFENDANT ON 9/12/07.


 DEFENDANT ALSO FILED A NOTICE OF APPEAL REGARDING THE ABOVE
MENTION MOTION INDICATING THE DATE OF ORDER, JUDGMENT AND OR
SENTENCE OF SEPTEMBER  THAT HAD NOT YET BEEN RULED UPON UNTIL
TODAY


A COPY OF THIS MINUTE ORDER IS SENT, VIA UNITED STATES MAIL, TO
THE FOLLOWING:

HAROLD DEXTER RUE
CORRECTIONAL TRAINING FACILITY
P.O. BOX 686 CTFC-ED 125L
SOLEDAD, CALIFORNIA  93960

1  NAME: HAROLD D. RUE

2  NUMBER: C-16846

3  HIGHWAY 101 NORTH
   P.O. Box 689
4  SOLEDAD, CA. 93960-0689

5

6  IN PROPRIA PERSONA

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF NORWALK COURTHOUSE S/E

10

11

12  PEOPLE OF THE STATE OF CALIFORNIA,  )   CASE NO: Sup. Ct. No. A447917
                                        )
13          PLAINTIFF AND APPELLEE,     )   EX PARTE MOTION FOR 'ORDER' FOR
                                        )   TYPEWRITTEN TRANSCRIPT OF SENTENCING
14              .V.                     )   HEARING AND FOR CLERK'S TRANSCRIPT
                                        )   TO CONSIST OF MINUTE ORDERS,
15  HAROLD D. RUE                  ,    )   ABSTRACT OF JUDGMENT, COMMITMENT
                                        )   ORDER, ETC., POINTS AND AUTHORITIES
16      DEFENDANT AND EX PARTE MOVANT,  )   AND DECLARATION.
                                        )
17

18  TO THE HONORABLE DEWEY L. FALCONE        , PRESIDING JUDGE OR DESIGNATE:

19

20      NOW COMES, Defendant, Appellant and Ex Parte Movant, in forma pauperis

21  /in propria persona, and respectfully moves this Honorable Court for it's

22  Order for the preparation of (a) The Clerk's Transcript on Appeal, to contain

23  the required and/or specified copies delineated in Rule 33 (a)(1)(a)-(n) of

24  the California Rules of Court, pertinent to the instant appeal, and ERROR

25  CORAM NOBIS WRIT                                                        ;

26  (b) The reporter's Transcript on Appeal, to contain the required and/or

27  specified typewritten transcripts of the proceedings delineated in Rule 33

28  (a)(2)(a)-(e) of the California Rules of Court, pertinent provisions thereof,

                                    (1)

1  and the following, additional hearings/proceedings pertinent to the instant

2  appeal, THE COURT'S FINDINGS AND CONCLUSION SUPPORTING IT'S EVIDENCE

3  and/or (c) Any evidence admitted in evidence or judicially rejected, pursuant

4  to Rule 10 of the California Rules of Court. Your Exparte Movant hereby moves

5  for an 'Order' by this Court to the Clerk and Reporter, pursuant to the

6  provisions of Rule 34 of the California Rules of Court, and for the

7  preparation, certification and filing of the Record pursuant to Rule 35 of

8  the California Rules of Court. This is not to be construed as precluding the

9  need or necessity of an agreed or settled statement, or such other matters

10 set forth in other pertinent Rules of Court or California Statute.

11     SETTLEMENT STATEMENT RULE 183, 184, 187.

12     Notice of Appeal pursuant to Rule 31 of the California Rules of Court,

13 is filed herewith or has been served on __JULY 18, 2007__, ____, in the

14     SUPERIOR COURT OF THE STATE
       OF CALIFORNIA, FOR THE COUNTY OF NORWALK COURTHOUSE
15     In support of this motion, defendant, appellant and exparte movant

16 hereby respectfully shows, the reasons for his appeal are as follows:

17 THE CALIFORNIA COURTS HAVE RECOGNIZED THAT A DEPRIVATION OF DUE

18 PROCESS MAY OCCUR IN THE INABILITY OF THE INDIGENT TO APPEAL BY

19 REASON OF POVERTY. IN HOLDING THAT A DEFENDANT IN A CRIMINAL CASE

20 APPEALING FROM THE DENIAL OF A WRIT OF ERROR CORAM NOBIS IS

21 ENTITLED TO BE FURNISHED A RECORD. THE MAJORITY OPINION IN IN RE

22 PAIVA, SUPRA, 31 Cal.2d 503, 190 P.2d 604, pointed out (see also

23 STATE v. CRIMINAL COURT (1942)220 Ind. 4, 40 N.E.2d 971, in

24 which an application for a record at the expense of the state

25 upon a showing that defendant is a poor person.

26 Attached is a Memorandum of Points and Authorities in Support of EX Parte

27 Motion for Records on Appeal, and  Declaration of your defendant/appellant

28 and ex parte movant  _Harold D. Rue_ .

1      WHEREFORE, this Ex Parte Motion for the Record on Appeal should be

2   granted in its entirety, with regard to the relevant records and files

3   necessary for appeal of the judgment and orders in question.

4

5   DATED:JULY 18, 2007          , 20____

6

7                                        Respectfully Submitted,

8                                        *Harold D. Rue*

9                                        HAROLD D. RUE
                                              Defendant/Appelant

10

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

## POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION FOR TRANSCRIPTS

Defendant submits the following points and authorities in support of motion for transcripts of prior proceedings:

I, HAROLD D. RUE _____, in propria persona, comes now making a request for the transcripts of my trial proceedings and sentencing which took place on MARCH 31, 1980 , _____ , and MAY 1, 1980 _____ , _____ , respectfully moves this Honorable Court, and the Presiding Judge of the Superior Court of NORWALK COURTHOUSE County and the District Attorney and/or his representative: STEVE COOLEY _____ .

The state has an obligation to provide an indigent defendant with a transcript of prior proceedings when needed for an effective defense.

Britt v. North Carolina (1971) 404 U.S. 226, 227, 92 S.Ct. 431; Griffin v. Illinois 351 U.S. 12, 76 S.Ct. 585, and its progeny established the principle that the State must as a matter of equal protection, provide an indigent prisoner with basic tools of an adequate defense or appeal, when these tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal.

The defendant's needs for a transcript of prior proceedings presumed, People v. Hosner (1975) 15 Cal.3d 60, 66, 123 Cal.Rptr. 381, "An indigent defendant in a criminal trial is presumed to have a particularized need for a transcript of prior proceedings, just as he is presumed, if he needs a transcript at all, to need nothing less than a complete transcript."

(4)

## DECLARATION IN SUPPORT OF MOTION FOR TRANSCRIPTS

I, __HAROLD D. RUE C-16846__, HEREBY DECLARE AS FOLLOWS:

1. That I am the Defendant and Ex Parte Movant acting in propria persona in the within cause of action;

2. That I am a layperson untrained in law.

3. That I am incarcerated within the Department of Correction at the Correctional Training Facility, Soledad, California;

4. That I am an indigent individual and I do not have the funds to pay for the requested transcripts;

5. That I have $200.00 Income, cash, savings accounts or checking accounts;

6. That I have $ ZERO . ___ Assets, real property, personal property (cars, boats, jewelry, etc...);

Dated: __JULY 18, 2007__, 20___.

## VERIFICATION

I, __HAROLD D. RUE__, am the Defendant and Ex Parte Movant in the within cause of action, I have read the statements herein, and I declare under penalty of perjury that these statements are true and correct except as to those matters based on information and belief and as the those matters, I believe and am informed they are true. Executed on the 18 day of __JULY__, 20 07 at the California Correctional Training Facility, Soledad, California.

P.O. BOX 686 CTFC-ED-125L
SOLEDAD, CALIFORNIA  93960

_Harold D. Rue_
_____
Declarant

(5)

## PROOF OF SERVICE BY MAIL

(C.C.P. §§1013A, 2015.5)

STATE OF CALIFORNIA )      HAROLD D. RUE C-16846
                     ) SS.
COUNTY OF MONTEREY )      B. CURRY, WARDEN SOLEDAD PRISON

I, WILLIAM PUGH , am a resident of the State of California,

County of Monterey. I am over the age of 18 years and I  am/am not ] a party to the within action.

My  business/residence   address is P.O. Box 689, Soledad, California, 93960-0689.

On JULY 18, 2007 , 20 , I served the foregoing:

IN FORMA PAUPERIS/IN PROPRIA PERSONA FILE MOTION FOR  TRANSCRIPTS AND

NOTICE OF APPEAL IN PURSUANT TO RULE 31 of RULES OF COURT CALIF.

on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage

fully prepaid in the United States mail at Soledad, California, addressed as follows:

NORWALK SUPERIOR COURTHOUSE          OFFICE OF DISTRICT ATTORNEY
COUNTY OF LOS ANGELES                COUNTY OF LOS ANGELES
12720 NORWALK BLVD.                  12720 NORWALK BLVD. ROOM 201
NORWALK, CALIFORNIA 90650            NORWALK, CALIFORNIA 90650

There is regular delivery service by the U.S. Postal Service between the place of mailing

and the places so addressed.

I declare under the penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed this JULY day of 18, 2007 , 20 , at

Soledad, California. P.O. BOX 686 CTFC-ED-125L, SOLEDAD, CALIF. 93960

/S/ Harold D. Rue

EXHIBIT C

JUDGE DEWEY L. FALCONE OCTOBER 24, 2006 MINUTE ORDER

DENIED WITHOUT PREJUDICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | | Dept:SEW |
|---|---|---|---|---|
| Date | October 24, 2006 | | | Deputy Clerk |
| Honorable | DEWEY L. FALCONE | Judge | L. PERRI | Court Assistant |
| Honorable | | Judge Pro Tem | | Reporter |
| | R. FRUTO | Deputy Sheriff | | |

A447917

PEOPLE OF THE STATE OF       Counsel For
    CALIFORNIA               PEOPLE:        N/P

VS.

01) HAROLD D. RUE   N/P      Counsel For
                            Respondent:

---

**NATURE OF PROCEEDINGS:** DEFENDANT'S MOTION TO AUGMENT CONTENTS OF RECORD ON APPEAL FROM JUDGMENT PURSUANT TO RULE #33

DEFENDANT'S "MOTION TO AUGMENT CONTENTS OF RECORD ON APPEAL" IS DENIED WITHOUT PREJUDICE FOR FAILURE TO SPECIFY WHAT "RECORD" DEFENDANT SEEKS.  THE WRIT OF ERROR CORAM NOBIS IS DENIED WITHOUT PREJUDICE AS THE RECORD BEFORE THE COURT IS INADEQUATE TO RULE UPON.

A COPY OF THIS MINUTE ORDER IS MAILED OUT VIA UNITED STATES MAIL AS FOLLOWS:

HAROLD D. RUE

C-16846

P.O. BOX 686 CTFC-ED-125L

SOLEDAD, CALIFORNIA  93960

---

Page 1 of 1            DEPT:   SEW

EXHIBIT #D

JUDGE YVONNE SANCHEZ COURT MINUTE ORDER DENIED JANUARY 15, 2008

IN FORMA PAUPERIS MOTION AND EVIDENTIARY HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: JANUARY 15, 2008<br>Honorable YVONNE T. SANCHEZ, Judge<br>R. VILLEGAS                          Bailiff | Dept. SE-J<br>J. PATRICK                    Deputy Clerk<br>NONE                    Court Reporter |
| | |

| | |
|---|---|
| A447917-01<br><br><br>                    Plaintiff,<br><br>        vs<br><br>01 – HAROLD DEXTER RUE<br>        Defendant | Counsel for    NONE<br>People          Dep. Dist. Atty.<br><br><br>Counsel for    NONE<br>Defendant      ATTORNEY |
| | |

**NATURE OF PROCEEDINGS**: MOTIONS

CASE NOT IN T.C.I.S.

Defendant's ex parte motion for "order" for typewritten transcript of proceedings, signed 7/18/2007, is denied.  Defendant has failed to show good cause for the granting of the motion.

Defendant's request for an evidentiary hearing is denied.  Defendant has failed to show good cause for the granting of the motion.

A copy of this minute order is sent, via U.S. Mail, to the following:

HAROLD DEXTER RUE
C-16846
HIGHWAY 101 NORTH
P.O. BOX 689
SOLEDAD, CALIFORNIA 93960-0689

EXHIBIT #E

PETITIONER'S NOVEMBER 3, 2007 NOTICE OF APPEAL FOR

§1181(9) MOTION TO VACATE AND SET ASIDE JUDGMENT OR NEW TRIAL

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| HAROLD D. RUE C-16846 Pro/Per<br>P.O. Box 686 CTFC-BD-125L<br>SOLEDAD, CALIFORNIA 93960 | |

TELEPHONE NO.:                    FAX NO.:

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

PEOPLE OF THE STATE OF CALIFORNIA

vs.

DEFENDANT:ROLD D. RUE          NORWALK SUPERIOR COURT

Date of birth:                    California Dept. of Corrections No. *(if applicable):*

**NOTICE OF APPEAL—FELONY (DEFENDANT)**
**(Pen. Code, §§ 1237, 1538.5(m); Cal. Rules of Court, rule 31(d))**

CASE NUMBER(S):

---

## NOTICE

- If your appeal challenges the validity of the plea you must complete the *Request for Certificate of Probable Cause* on the other side of this form. (Pen. Code, § 1237.5.)
- You must file this form in the superior court within 60 days after entry of judgment.

1. Defendant *(name):*
   HAROLD D. RUE
   appeals from the order or judgment entered on *(specify date of order, judgment, or sentence):* OCTOBER 15, 2007

2. This appeal follows:

   a. ☐   A jury or court trial. (Pen. Code, § 1237(a).)

   b. ☐   A contested violation of probation. (Pen. Code, § 1237(b).)

   c. ☐   A guilty (or no-contest) plea or an admitted probation violation *(check all boxes that apply):*

       (1) ☐   This appeal is based on the sentence or other matters occurring after the plea. (Cal. Rules of Court, rule 31(d).)

       (2) ☐   This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5.

       (3) ☐   This appeal challenges the validity of the plea or admission. *(You must complete the* Request for Certificate of Probable Cause *on the other side of this form.)*

   d. ☐   Other *(specify):*   THIS APPEAL IS BASED ON MOTION TO GET ARIZE SUPERIOR COURT(S)

3. ☐   I request that the court appoint an attorney on appeal.   Defendant ☐ was   ☐ was not represented by an appointed attorney in the superior court.

4. Defendant's address:   ☐ same as in attorney box above.
                          ☐ as follows:

Date:  NOVEMBER 3, 2007

HAROLD D. RUE
(TYPE OR PRINT NAME)

*Harold D. Rue*
(SIGNATURE OF DEFENDANT OR ATTORNEY)

Form Approved for Optional Use
Judicial Council of California
CR-120 [Rev. January 1, 2002]

**NOTICE OF APPEAL—FELONY (DEFENDANT)**
**(Criminal)**

Page 1 of 2

Penal Code, §§ 1237, 1538.5(m);
Cal. Rules of Court, rule 31(d)

HAROLD D. RUE C-16846
P.O. Box 686 CTFC-ED-125L
Soledad, California 93960

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
450 GOLDEN GATE AVE
SAN FRANCISO, CA. 94102-3